UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

HLH CONSTRUCTORS OF FLORIDA,
LLC,

    Plaintiff,

vs.                                                              CASE NO. 5:08cv297/RS/MD

UNITED ASSOCIATION OF JOURNEYMEN
AND APPRENTICES OF THE PLUMBING
AND PIPE FITTING INDUSTRY OF THE
UNITED STATES OF AMERICA,

    Defendant.
_____/

## **ORDER**

Before me are cross-motions for summary judgment (Docs. 15 and 16) and the parties' subsequent responses (Docs. 20 and 21).

### **I. STANDARD OF REVIEW**

The basic issue before the court on a motion for summary judgment is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-252, 106 S. Ct. 2505, 2512 (1986). The moving party has the burden of showing the absence of a genuine issue as to any material fact, and in deciding whether the movant has met this

burden, the court must view the movant's evidence and all factual inferences arising from it in the light most favorable to the nonmoving party. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 90 S. Ct. 1598 (1970); *Fitzpatrick v. City of Atlanta*, 2 F.3d 1112, 1115 (11th Cir. 1993). Thus, if reasonable minds could differ on the inferences arising from undisputed facts, then a court should deny summary judgment. *Miranda v. B & B Cash Grocery Store, Inc.*, 975 F.2d 1518, 1534 (11th Cir. 1992) (*citing Mercantile Bank & Trust v. Fidelity & Deposit Co.*, 750 F.2d 838, 841 (11th Cir. 1985)). However, a mere 'scintilla' of evidence supporting the nonmoving party's position will not suffice; there must be enough of a showing that the jury could reasonably find for that party. *Walker v. Darby*, 911 F.2d 1573, 1577 (11th Cir. 1990) (*citing Anderson*, 477 U.S. at 251, 106 S. Ct. at 2512).

## II. ANALYSIS

On August 2, 2006, Plaintiff and Defendant entered into a written collective bargaining agreement entitled the United Association National Residential Agreement ("Agreement"). Plaintiff argues that the Agreement expired automatically on August 1, 2008. Additionally, Plaintiff contends it was the parties' intention at the time of executing the Agreement that the term of the relationship would be fixed at two years. However, Defendant argues that the Agreement automatically renewed itself on August 2, 2008, because a written

termination notice was not served by Plaintiff sixty days prior to the termination date as required by the Agreement.

At issue is whether this case should be sent to arbitration or decided by the court. The relevant arbitration provision reads as follows:

> 37. Where a disagreement exists between the Employer and the Union regarding the intent, meaning, application or compliance with the terms of this Agreement or an approved "Schedule A," it shall be resolved in accordance with the grievance procedure covered in this article. Such disagreement shall be submitted for resolution within ten (10) days from the date of the occurrence or from the date it reasonably could have been discovered by the parties involved in accordance with the grievance procedure covered in this Article.
>
> 38. When a dispute arises, the resolution and/or settlement shall proceed as follows:
>> Step 1: On a local basis between the Local Union assigned jurisdiction and the Employer. If not settled within five (5) working days, proceed to:
>>
>> Step 2: The grievance shall be settled between the United Association and the Employer. If not settled within thirty (30) working days, proceed to:
>>
>> Step 3: The grievance shall be reduced to writing in terms of the issue(s) to be arbitrated and shall be filed jointly or unilaterally with the Industrial Relations Council ("IRC").
>
> 39. The parties agree to be bound by the rules, regulations and procedures of the IRC for resolving any disagreements referred to it under this Agreement or approved "Schedule A".

The Eleventh Circuit held that when the manner of contract termination or renewal is dictated by a provision in the collective bargaining agreement, and the

agreement contains a broad arbitration clause, arbitration should be compelled. *Montgomery Mailers' Union No. 127 v. The Advertiser Co.*, 827 F.2d 709, 713 (11th Cir. 1987) (citation omitted).

The dispute between the parties as to the termination of the contract falls within the realm of the broad arbitration clause found within the Agreement and is a matter for an arbitrator, not the court, to decide. *See Id.* (*citing Rochdale Village, Inc.*, 605 F.2d 1290, 1296 (2d Cir. 1979)(whether an employer had complied with the contract termination provision of a collective bargaining agreement is arbitrable).

**IT IS ORDERED:**

1. Summary Judgment is entered for Defendant, and this case is dismissed.
2. Plaintiff's Motion for Summary Judgment (Doc. 16) in **DENIED**.
3. The clerk is directed to close the file.

**ORDERED** on June 30, 2009.

/S/ Richard Smoak
**RICHARD SMOAK**
**UNITED STATES DISTRICT JUDGE**